# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

—————————————————

Case No. 5D22-1670
LT Case No. 2011-CA-012759-X

—————————————————

PAUL FLAIG,

    Appellant/Cross-Appellee,

    v.

COQUINA PALMS HOMEOWNERS
ASSOCIATION, INC.

    Appellee/Cross-Appellant,

and

LARRY CINCO,

    Appellee.

                        —————————————————

On appeal from the Circuit Court for Brevard County.
David Dugan, Judge.

Adam M. Bird, of WhiteBird, PLLC, Melbourne, for
Appellant/Cross-Appellee.

Charles C. Powers, of The Powers Law Firm, Indian Harbour
Beach, for Appellee/Cross-Appellant.

No Appearance for Remaining Appellee.

December 1, 2023

PER CURIAM.

AFFIRMED.

JAY and KILBANE, JJ., concur.
MAKAR, J., concurring with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

MAKAR, J., concurring.

Homeowners' association disputes are often acrimonious and take on a life of their own; this case is no different. This litigation, which involves a homeowners' association (HOA) and a board member (Flaig) who signed a bogus contract on behalf of the HOA that fraudulently benefited a buddy (Cinco), began in 2011—that's right, *twelve* years ago.

As this Court recounted, after a bench trial on liability in 2017, and a bench trial on damages in 2018, the "HOA prevailed on its breach of fiduciary duty claim against Flaig and its conspiracy to commit fraud claim against Cinco. Flaig, an HOA board member, had conspired with Cinco, his long-time friend, to defraud the HOA." *Cinco v. Coquina Palms Homeowners Ass'n, Inc.*, 325 So. 3d 137, 138 (Fla. 5th DCA 2020). The "conspiracy included Flaig's efforts to facilitate Cinco's unsuccessful lawsuit against the HOA, which caused the HOA to incur attorney's fees." *Id.* The final judgment for damages against Flaig and Cinco, amounted to $320,125.38, which consisted of $311,379.20 to repay the HOA for having to needlessly expend attorneys' fees on Flaig's and Cinco's conspiratorial fraud and $8,746.18 in costs as well.

In their first appeal, Flaig and Cinco raised thirteen issues, twelve of which were meritless. One issue, involving an unpled claim under the wrongful act doctrine, resulted in a remand for the trial court to determine the "HOA's potential entitlement to attorney's fees on the five other bases the HOA advanced, as well as an award of prevailing party costs." *Id.* at 139.

On remand, extensive and expensive litigation again occurred, notwithstanding the narrow scope of this Court's mandate. The result was an order finding the HOA was, again, entitled to its fees and costs, and a twenty-page single-spaced "omnibus order" on the HOA's fees and costs in which the trial judge painstakingly addressed the multitude of factual and legal claims of Flaig and Cinco, concluding in part that Flaig had

3

committed a fraud upon the trial court independently justifying fees under section 57.105, Florida Statutes, for such frivolous actions. Overall, after a slight downward adjustment, the attorneys' fees and costs award totaled $304,115.32.

In this appeal, Flaig—unaccompanied by Cinco—raises a bevy of meritless issues in his fifty-page brief. As such, I concur with affirmance of the attorney's fees and costs award, bringing these aspects of this case to a close. Further litigation on the amount of appellate fees and costs in this case is likely to spawn yet another wave of costly and economically wasteful expenditure of scarce resources by the parties, and yet another burden on the court system, but hope springs eternal that reasonable actions will be taken.

This litigation reflects a disheartening reality that underhanded acts like those upon which liability is based in this case have massive ripple effects, unfairly imposing tremendous financial and litigation burdens on homeowners' associations, whose members bear the brunt of disreputable dealings. That's not to say that homeowners' associations are blameless; cases involving obstinate tin-eared homeowners' associations exist too. But this case epitomizes why laws exist to shift the litigation costs onto malefactors who take advantage of others and then misuse the judicial system via their lawyers. It is an embarrassment that litigation costs in the million-dollar range have been collectively expended over twelve years, two trials, and two appeals, when no apparent societal benefit emerges. No one was physically hurt, no property was damaged, no public nuisance was abated. The only benefit is that the HOA, having prevailed on the merits, now recovers fees and costs to rectify a fraudulent injustice perpetrated on it and its members over a decade ago.